UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN P. GRIFFIN,<br><br>           Plaintiff,<br><br>    v.<br><br>THE PRESIDENT OF THE UNITED STATES OF AMERICA, et al.,<br><br>           Defendants. | NO. 2:16-CV-00446-JLQ<br><br>ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND BASELESS, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE |

   On December 30, 2016, Plaintiff submitted his *pro se* Complaint along with an Application to Proceed *In Forma Pauperis*. *See* (ECF No. 1); (ECF No. 2). The same day, Plaintiff submitted an Amended Complaint. *See* (ECF No. 3). Magistrate Judge Rodgers accepted his application and set the matter for screening by this court pursuant to 28 U.S.C. § 1915(e)(2).

   In the Amended Complaint, Plaintiff set forth his perspective of historical race relations in the history of the United States of America. *See* (ECF No. 6 at 4). Plaintiff also expanded his discussion to include native people in other nations. *See* (ECF No. 6 at 5). Plaintiff asserted his claim stemmed "[f]rom the time the first slave ship entered U.S. waters to now." (ECF No. 6 at 4). He also alleged "[t]he only court that is appropriate is a [sic] international court of law." (ECF No. 6 at 4). For other portions of the Amended Complaint, rather than setting forth his allegations, he stated "[p]lease see other complaint." (ECF No. 6 at 7-8).

   Pursuant to 28 U.S.C. § 1915(a), a district court "may authorize the

ORDER - 1

commencement ... of any suit ... without prepayment of fees... by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person in unable to pay such fees or give security therefor." *See also*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) stating the statute applies to all persons, not just prisoners). However, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

     A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The court may dismiss a claim when it is "based on an indisputably meritless legal theory" or when "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The "critical inquiry" is whether any of the claims have "an arguable basis in law and fact." *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31.

     The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." (*Id*.). A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." (*Id*. at 570).

     A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In considering whether a complaint is frivolous, "the *in forma pauperis* statute,

unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." (*Id*.) (quoting *Neitzke*, 490 U.S. at 327).

In considering a *pro se* complaint which fails to state a claim as presented, the court should allow leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Plaintiff's allegations are baseless and frivolous. He presents no basis for relief or cognizable claim in stating his view of race relations. His alleged injury simply states "[a]ll Americans who happen to be black still today feel like issues the the [sic] Founding Fathers spoke about are unresolved." (ECF No. 1 at 7). The relief Plaintiff seeks of "$1,000 per American who happen [sic] to be black" further demonstrates the baseless nature of his claims. *See* (ECF No. 1 at 7). The court finds the Amended Complaint frivolous and no amendment would cure the baseless claims contained therein.

The court observes Plaintiff has had eight other lawsuits dismissed as frivolous and baseless in addition to the instant matter. It appears Plaintiff deems it appropriate to file a new lawsuit whenever he is unhappy or dissatisfied with another person's actions. This defies the purpose of civil lawsuits and takes up the court's time addressing frivolous claims. Plaintiff has been previously warned a litigant who burdens the court with repetitive and frivolous litigation runs the risk of being declared a vexatious litigant. *See Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047 (9th Cir. 2007). This court is strongly considering initiating such a process in light of Plaintiff's conduct and allegations in all of his previous cases, including the instant matter.

**IT IS HEREBY ORDERED**:

1. The Amended Complaint (ECF No. 6) and the claims therein are **DISMISSED WITH PREJUDICE** based on the court's finding that the claims and factual allegations contained therein are frivolous and baseless.

ORDER - 3

2.	The Clerk is directed to enter judgment of dismissal of the Amended Complaint (ECF No. 6) and the claims therein **WITH PREJUDICE** and without costs or attorneys' fees awarded to any party.

**IT IS SO ORDERED**.  The Clerk is directed to enter this Order and Judgment, furnish copies to Mr. Griffin, and close this file.

Dated January 4, 2017.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4